# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENISE MEDINA,

    Plaintiff,

vs.

PROGRESSIVE NORTHERN INSURANCE COMPANY; MOISES MEDINA, DOES I - V; and ROE CORPORATIONS I - V, inclusive,

    Defendants.

Case No. 2:15-cv-00835-KJD-PAL

**ORDER**

    Before the Court is Plaintiff Denise Medina's Motion to Remand (#10). Defendant Progressive Northern Insurance Company (Progressive) filed a response (#16) to which Plaintiff replied (#19). Also before the Court is Plaintiff's Motion to Amend (#9). Progressive filed a response (#15) to which Plaintiff replied (#20). Also before the Court is Progressive's Motion to Dismiss (#4). Plaintiff filed a response (#8) to which Progressive replied (#20). Also before the Court is Progressive's Countermotion to Dismiss Defendant Moises Medina (#17). Plaintiff filed a response (#22) to which Progressive replied (#26). Finally before the Court is Cross-defendant Progressive's Motion to Dismiss Cross-claim of Moises Medina (#23). Moises filed a response in opposition (#31) to which Progressive replied (#32).

I. Background

Plaintiff was a passenger in a vehicle driven by Moises Medina (Moises) when it was involved in a single-vehicle rollover accident on or about September 24, 2010 in San Bernardino County, California. Arturo Alcalde and Michael Medina were also passengers in the vehicle. As an immediate result of the rollover, Plaintiff and Alcalde suffered serious and permanent injuries. Alcalde subsequently assigned any rights stemming from the accident to Plaintiff. At the time of the accident, Progressive insured Moises under policy number 70582990-2. Plaintiff is listed as a driver and household resident under Moises's policy. On November 7, 2014 the Clark County District Court issued a judgment ordering Moises to pay $125,000.00 to Plaintiff, and $175,000.00 to Alcalde.

II. Analysis

    A. Motion to Remand

A defendant or defendants may remove a suit from a state court to federal court only if it could have been filed there originally. See 28 U.S.C. § 1441(a) (2006); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, and where complete diversity exists between the parties. See 28 U.S.C. § 1332(a). A corporation is deemed to be citizens of both the state that it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c).

Nonetheless, if a defendant has been "fraudulently joined," that fraudulently joined defendant's citizenship is ignored when determining diversity and removability. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("[I]t is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."). A party is fraudulently joined "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state." Morris, 236 F.3d at 1067 (citations omitted); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nev. 2005).

Plaintiff's proposed amendment seeks to add an allegedly inadvertently left out paragraph that asserted a claim against Moises for a renewed judgement. However, even if this amendment were successful, a renewed judgment is not a recognized cause of action in Nevada, nor is this the appropriate court from which to seek a renewed judgment.[1] As there is no viable cause of action brought against Moises, nor allegations of wrongdoing, he is fraudulently joined and the Court is required to ignore Moises's citizenship when determining removability.

Further, Plaintiff is pursuing Progressive for the full amount of the judgment entered against Moises in the underlying state court case. That judgment totals $300,000: $175,000 in favor of Alcalde, assigned to Plaintiff, and $125,000 in favor of Plaintiff. Without question, the amount in controversy well exceeds $75,000. Therefore, removal was appropriate. Accordingly, Plaintiff's motion to remand (#10) is denied.

B. Motion to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court "should freely give leave [to amend] when justice so requires." However, "[i]n determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation and citation omitted).

Plaintiff's motion to amend is futile. Plaintiff's proposed amendment seeks to add a claim for a renewed judgment against Moises. However, a renewed judgment is not a recognized cause of action in the state of Nevada, nor is this the appropriate court from which to seek a renewed judgment. There is no additional claim of wrong doing listed in the proposed amended paragraph omitted from the original complaint. Therefore, even if the Court were to allow the amendment, it

---

[1] Further, Plaintiff's argument that there is no minimum time for seeking a renewed judgment is frivolous, and in fact supports the opposing argument that Plaintiff has no real claim against Moises. Plaintiff is seeking a renewal she could wait several years to file simply to invent a reason to keep Moises in this lawsuit for her own jurisdictional benefit.

would not make Moises a viable defendant and is futile.[2] Accordingly, Plaintiff's motion to amend is denied.

### C. Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

#### 1. Motion to Dismiss the Case

Progressive asserts Plaintiff is a third-party claimant improperly asserting claims directly, and therefore lacks standing. Progressive correctly asserts that Nevada is not a direct action state. See Hall v. Enterprise Leasing Co., 122 Nev. 686, 693 (2006). However, Nevada "allows actions by third-party tort claimants against third-party liability coverage providers . . . after a judgment against the tortfeasor has been obtained." Id. Plaintiff obtained a judgment from the Nevada District Court on November 7, 2014 against Moises in the amount of $300,000.00. See Plaintiff's Response to Progressive's Motion to Dismiss, Ex. 1. That judgment entitles Plaintiff to pursue enforcement directly against the third-party liability coverage provider, Progressive. Accordingly, Progressive's motion to dismiss is denied.

---

[2] Further, even had there been an actual cause of action articulated in the proposed amendment, any cause of action arising out of the same circumstance could invoke the doctrine of res judicata, as Plaintiff already has a judgment against Moises on the exact issues in question. See Allen v. McCurry, 449 U.S. 90, 94 (U.S. 1980) ("Under res judicata, a final judgment on the merits of an action precludes . . . relitigating issues that were or could have been raised in that action.").

### 2. Countermotion to Dismiss Moises Medina

Plaintiff alleges no claims against Moises upon which relief can be granted. Plaintiff asserts her request for a renewed judgment is a viable claim. However, Plaintiff has failed to point to, nor has the Court found, any legal authority describing renewal of judgment as a recognized cause of action in Nevada.[3] Plaintiff makes no other allegations of wrongdoing or misconduct against Moises. Accordingly, Progressive's countermotion to dismiss Moises Medina is granted.

### 3. Motion to Dismiss Cross-claim of Moises Medina

In response to the motion to dismiss the cross-claim, Moises concedes that if the Court finds that he is a fraudulently or improperly joined party that the Court would have discretion to dismiss Moises from this action. The Court, having found that Moises was improperly joined to defeat diversity jurisdiction, grants Progressive's motion to dismiss Moises' cross-claims, good cause being found and in accordance with Local Rule 7-2(d).

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#10) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#9) is **DENIED**.

IT IS FURTHER ORDERED that Progressive's Motion to Dismiss (#4) is **DENIED** without prejudice.

IT IS FURTHER ORDERED that Progressive's Countermotion to Dismiss Moises Medina (#17) is **GRANTED**;

///
///
///

---

[3] Plaintiff correctly asserts that simply because NRS § 17.214 provides one method of renewal does not rule out that there may be other methods of renewal available. However, none of those alternative methods of renewal are recognized causes of action in the state of Nevada.

5

1  IT IS FURTHER ORDERED that Cross-defendant Progressive's Motion to Dismiss
2 Crossclaim of Moises Medina (#23) is **GRANTED**.

3  DATED this 26th day of October 2015.

_____
Kent J. Dawson
United States District Judge